**Donald Lee NUSBERGER, Plaintiff,**

v.

**WISCONSIN DIVISION OF MOTOR VEHICLES, Defendant.**

**No. 72–C–231.**

United States District Court,
W. D. Wisconsin.

Jan. 17, 1973.

————◆————

Donald Lee Nusberger, pro se.

Robert W. Warren, Atty. Gen., by Albert Harriman, Asst. Atty. Gen., for defendant.

### OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for monetary and injunctive relief. Plaintiff has been granted leave to proceed *in forma pauperis*. In his complaint plaintiff alleges that defendant revoked his driver's license without affording him constitutionally required procedural safeguards. Both parties have moved for summary judgment. I find that there is no genuine issue as to the material facts set forth under the heading "facts".

## FACTS

Plaintiff is presently confined in Wisconsin State Prison. On May 1, 1972, plaintiff plead guilty in Milwaukee County Circuit Court to the offense of operating an automobile without the owner's consent in violation of Wis.Stat. § 943.23 (1969). On May 10, 1972, defendant Division of Motor Vehicles (hereafter referred to as "Division") received from the Clerk of the Milwaukee County Circuit Court a report of plaintiff's conviction. Upon receipt of that report the administrator of the Division issued an order dated May 24, 1972, revoking plaintiff's driver's license for one year commencing May 1, 1972, on the ground that he was convicted of a "felony in the commission of which a motor vehicle [was] used."

## OPINION

Jurisdiction is present. 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.

Any person convicted of one of a variety of criminal offenses listed in Wis. Stat. § 343.31(1) (1969) [1] automatically loses his operating privilege for one year. Wis.Stat. § 343.28(2) (1969) provides that when a person is convicted of one of the offenses listed in § 343.31(1), the court in which the defendant was convicted shall require him to surrender his license if he has one. The clerk (or, in courts without a clerk, the judge) is then required to forward to the Division the record of conviction and the surrendered license, if any. Upon receiving the record of conviction the administrator of the Division is required by § 343.-31(1) to revoke the operating license of the person convicted. Among the offenses which trigger the mandatory revocation is subsection (c) of § 343.31(1): "Any felony in the commission of which a motor vehicle is used." The license of the plaintiff in the case at bar was revoked under this subsection.

The statutes establish certain procedural safeguards to accompany mandatory revocation. Under § 343.27(1) a person charged with an offense which gives rise to mandatory revocation must be informed by "the enforcement officer, city or village attorney or district attorney handling the case" that conviction for the offense results in revocation of his operator's license, and must sign a statement acknowledging that he has been so informed. Section 343.27(2) requires the judge or justice accepting the plea of a person charged with an offense which triggers mandatory revocation, to advise the defendant of this consequence

1. That statute provides in part:
   Mandatory revocation of licenses after certain convictions. The administrator shall forthwith revoke a person's operating privilege upon receiving a record of conviction showing that such person has been convicted of any of the following offenses under a state law or under a local ordinance which is in conformity therewith. . . .

   (a) Homicide resulting from the operation of a motor vehicle and which is criminal under ss. 940.06, 940.08 or 940.09.

   (b) Upon the 2nd or any subsequent conviction for operation of a motor vehicle while under the influence of an intoxicating liquor or a narcotic or dangerous drug.

   (c) Any felony in the commission of which a motor vehicle is used.

   (d) Failure to stop and render aid as required under the laws of this state in the event of a motor vehicle accident resulting in death of or personal injury to another or in serious property damage.

   (e) Perjury or the making of a false affidavit or the making of a false statement or certification to the division under this chapter or any other law relating to the ownership or operation of motor vehicles.

   (f) Operating a motor vehicle while operating privileges are suspended or revoked.

   (g) Operating a motor vehicle without having furnished proof of financial responsibility when proof of financial responsibility is required.

   (h) Violation of a restriction on his license or a serious traffic violation by the holder of an occupational license.

of his plea. When the judge or justice accepting the plea fails so to advise the defendant, the latter may, within 60 days after being notified of the revocation of his operating privilege, petition the court for reopening the judgment and for an opportunity to defend on the merits. Upon receipt of such petition the judge must enter an order granting the request if in fact he has failed to advise the defendant as required by § 343.27(2). This order automatically reinstates the revoked operating privilege. Wis.Stat. § 343.27(2) (1969).

Plaintiff urges that the above scheme fails to assure that constitutionally adequate procedures will precede the revocation of operating licenses. In support of his contention plaintiff relies on Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). In that case the Court examined Georgia's statutory scheme providing for the suspension of licenses of uninsured motorists involved in accidents who fail to post security to cover damages claimed by persons injured in the accident. Petitioner in that case, an uninsured motorist, was involved in an accident in which an injured party claimed damages of $5000. After receiving notification that he must post security for the claim or suffer the suspension of his driving privileges, petitioner requested a hearing. A hearing was held but petitioner was not permitted to present evidence on the question of liability; rather, evidence was admitted only on the question whether petitioner was involved in the accident. The result of the hearing was that petitioner was determined to have been involved in the accident, and he was therefore required to post security or to suffer suspension of his license.

The Supreme Court held that the suspension of a driver's license is a loss of sufficient gravity to invoke the fourteenth amendment's requirement of procedural due process. After noting that the procedures required by due process vary from one context to the next, the Court ruled that, before Georgia may suspend an operating license under its present scheme, it must provide a forum for a determination of the question whether there is a reasonable possibility of a judgment being entered against the person whose license is threatened.

■ Defendant in the present case contends that under the Wisconsin mandatory revocation statute, conviction for certain crimes automatically leads to loss of operating license; since mandatory revocation is a purely ministerial decision, it need not be accompanied by procedural safeguards. Defendant's position may be correct for certain of the grounds for mandatory revocation. However, the ground on which plaintiff's license was revoked is not clearly defined: conviction for "[a]ny felony in the commission of which a motor vehicle is used." Does this ground include, for example, armed robbery when a car is used for the getaway? conspiracy to commit armed robbery when a defendant drives a car to a store to buy a gun? sale of narcotics when the defendant uses a car to transport the contraband? These questions give an indication of the vagueness of § 343.31(1)(c), the ground under which plaintiff's license was revoked. No decision by the Wisconsin Supreme Court delineates the boundaries of this statute. Since the decision whether to revoke a license under § 343.31(1)(c) is not ministerial, but involves considerable discretion, under Bell v. Burson, *supra*, the fourteenth amendment requires that such decisions be accompanied by procedural due process.

I turn now to an examination of the nature of plaintiff's procedural due process claim. In his complaint plaintiff alleges that his license was revoked without due process. However, plaintiff has made no effort to prove that he was not given notice, hearing, an opportunity to present evidence, or any other procedural protection which the fourteenth amendment might require in this case.

Therefore, plaintiff's due process claim must fail unless the Wisconsin statutory scheme for mandatory revocation precludes the state in all cases from affording procedural due process to the person whose license is threatened. In such a circumstance, of course, it would be unnecessary for the plaintiff to prove that in his particular case due process was denied.

■■ Assuming that the fourteenth amendment requires notice prior to revocation of an operating license, that requirement is satisfied by Wis.Stat. § 343.27(1) (1969), which states that a person charged with an offense which gives rise to mandatory revocation must be informed by the enforcement officer or prosecuting attorney handling the case that conviction for the offense results in revocation. Moreover, if the defendant chooses to plead guilty, the judge accepting the plea must again inform the defendant of this consequence of conviction. Wis.Stat. § 343.27(2) (1969). No statute addresses the question whether the defendant may introduce evidence to show that the crime with which he is charged is not a "felony in the commission of which a motor vehicle is used." However, no statute precludes a judge who is sitting in the defendant's trial or who is accepting his plea, from hearing evidence addressed to this question. Thus, under the Wisconsin statutory scheme state judges are not precluded from effecting procedurally fair mandatory revocations under Wis.Stat. § 343.31(1)(c). Since a procedurally fair revocation is available, in order to prevail in this action in this court, plaintiff must demonstrate that the specific manner in which his license was revoked in his specific case was not fair. Because plaintiff has failed to make such a showing, I have concluded that defendant is entitled to judgment as a matter of law.[2]

---

2. In his complaint plaintiff also alleges that the mandatory revocation statute is selectively enforced. However, plaintiff has not offered evidence in support of this claim.